## Simon's Estate.   Simon's Appeal.

*Trusts—Grounds for dismissing trustee.*

A decree removing a trustee is proper where it appears that the trustee did not keep proper accounts; that he did not file an account for seven years and then only under the spur of a citation; that he mixed trust funds with his own; that he refused to pay over moneys belonging to the cestui que trust, and to satisfy a mortgage that had been paid off; that he made improper investments; and that he was ignorant and incompetent, and quarreled with his cotrustee.

A trustee has no standing to contest a decree dismissing his cotrustee, where it does not appear that he was in any manner prejudiced by such dismissal, and the cotrustee makes no objection to the decree.

Argued March 27, 1893.   Appeal, No. 264, Jan. T., 1893, by William Simon, executor and trustee of the estate of John

Simon, deceased, from decree of O. C. Phila. Co., Jan. T., 1890, No. 346, dismissing William Simon and Sarah Simon from the office of executors and trustees of the estate of said John Simon, deceased. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Petition for dismissal of executors and trustees.

The petition was presented by Sarah Simon, one of the executors and trustees. It alleged various acts of misconduct on the part of William Simon, coexecutor and trustee, and prayed for a decree dismissing him from his offices. William Simon filed an answer and proof was taken. After argument upon petition, answer and proofs, the court filed the following opinion, by FERGUSON, J.:

" This petition is by one of two trustees praying for the discharge of the other, alleging various reasons why ' the interests of the estate or property are likely to be jeopardized by the continuance of such trustee.' (Act May 1, 1861.)

" There has been considerable testimony taken in support of this petition, and while all that was alleged against the respondent may not have been sufficiently proven, yet it is evident that he has not managed this estate as he should have done, and has committed acts, any one of which would justify his removal. He did not keep proper accounts. He did not account in this court for seven years after the death of the testator, and then only under the pressure of a citation. He mixed the trust funds with his own. He has not paid over to the cestui que trust, money in his hands belonging to her. He has refused to satisfy a mortgage that had been paid off, and because of this and other acts has involved the estate in a number of lawsuits. He has made improper investments, etc., etc. His conduct shows ignorance and incompetency and a stubborness which cannot be justified or excused.

" Even if it should be conceded that the allegations against the respondent are not true, it is very evident that the relations between these trustees are not harmonious. This of itself is sufficient to jeopardize the interests of the estate and has been held to be a ground for removal: Kellburg's Ap., 86 Pa. 133.

" We think this respondent should be discharged, but to discharge him would leave the petitioner, who is an old lady of

seventy-two years as the sole trustee. By reason of her age and infirmities it would not be a wise thing to throw the burden of managing this estate on her alone; besides, she desires to be relieved. Under these circumstances we think the interests of this estate would be best served by discharging both trustees and the appointment of some competent person in their place and stead.

"Let a decree be prepared accordingly. The estate to pay the costs."

The court subsequently entered the following decree :

"And now, January 7, 1893, in pursuance of the opinion given in above case, the court discharges Sarah Simon and William Simon from the office of executors and trustees of the above estate and directs them to deliver all and every the bonds and mortgages, deeds, moneys, estate or effects in their hands or possession or under their control belonging to the said estate to the trustee who shall be appointed in their place and stead."

*Errors assigned* were (1) in discharging William Simon as executor and trustee; (2) in discharging Sarah Simon as executor and trustee, and (3) in not dismissing the petition.

*Charles F. Linde*, for appellant, cited: Loxley's Est., 38 Leg. Int. 276; Kellberg's Ap., 86 Pa. 133; Syfert's Est., 9 Phila. 320; Parsons's Est., 82 Pa. 467; Morgan's Est., 26 W. N. 236; McKennan's Ap., 27 Pa. 237; Crawford's Est., 22 Pitts. L. J. 157: Van Dusen's Ap., 102 Pa. 224.

*Andrew J. Maloney*, for appellee, not heard, cited: Acts of May 1, 1861, P. L. 680, Purd. 560, pl. 257; April 7, 1859, P. L. 406, 2 Purd. 1656, pl. 53.

PER CURIAM, April 17, 1893:

Appellant's sins of commission and omission, found by the learned court and specified in its opinion, not only justified but demanded his dismissal from the offices of executor and trustee under his father's will.

Neither of the specifications of error challenges the correctness of the facts, so found by the court and upon which its decree is based; nor would it avail anything if their correctness

was properly put in issue here, because each of said findings of fact appears to have been warranted by the evidence.

It was sufficiently shown that appellant had neither the capacity nor the disposition to properly perform the duties of the offices from which he was removed. He neglected to account for seven years after his testator's decease, and then presented an account, not voluntarily, but under the spur of a citation. He failed to keep proper accounts. He mixed the trust funds with his own. He withheld from the cestui que trust, money in his possession that belonged to and should have been paid over to her. He made improper investments, etc., etc.

The second specification complains of the discharge of his coexecutrix and cotrustee. She has not appealed, and the fair inference therefrom is that she is content. Appellant has not shown wherein he was in any manner prejudiced by her dismissal. It will be more orderly to pass upon her case when she comes here and demands a hearing, if she ever does.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.